UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

49762

Morton & Craig LLC
William E. Craig, Esquire
110 Marter Avenue
Suite 301
Moorestown, NJ 08057
Attorney for American Honda Finance Corporation

In Re:

TWISDALE D. MORRIS

Order Filed on November 12, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No. 19-25699

Adv. No.

Hearing Date: 10-15-19

Judge: (ABA)

# ORDER RESOLVING MOTION FOR RELIEF FROM STAY

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: November 12, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**
Debtor: Twisdale D. Morris
Case No: 19-25699
Caption of Order:  Order resolving Motion For Relief From Stay

This matter having brought before this Court on a Motion For Stay Relief filed by John R. Morton, Jr., Esq., attorney for American Honda Finance Corporation, with the appearance of Seymour Wasserstrum, Esq. on behalf of the Debtor, and this Order having been filed with the Court and served upon the Debtor and his attorney under the seven day rule with no objections having been received as to the form or entry of the Order and for good cause shown, it is hereby

**ORDERED:**

1. **That American Honda Finance Corporation ("Honda") is the holder of a first purchase money security interest encumbering a 2014 Honda CRF250RE bearing vehicle identification number JH2ME1038EK102362.**

2. **That the Debtor is to pay Honda's claim through his Chapter 13 Plan.  The secured amount that Honda shall be paid through the Debtor's plan shall be $5,371.14. This amount is reached using the agreed value of the vehicle of $4,494.07, amortized at 7.25% over 60 months.**

3. **That commencing November 2019, the Chapter 13 Trustee is hereby directed to make monthly adequate protection payments to Honda in the amount of $89.52. Adequate protection payments to Honda shall be made monthly up to and after confirmation, until all counsel fees have been paid and regular distributions begin to be made to Honda.  If in any month there are insufficient funds on hand to pay both counsel fees and adequate protection payments, then funds on hand shall be used to pay adequate protection payments first, with the remaining balance going to counsel fees.  If, after confirmation, counsel fees remain to be paid, then adequate protection payments shall continue to be paid to Honda until the remaining counsel fees have been paid. The Debtor shall**

**(Page 3)**
Debtor: Twisdale D. Morris
Case No: 19-25699
Caption of Order:  Order resolving Motion For Relief From Stay

> **receive a credit for all adequate protection payments made against the total amount to be received by Honda through the plan.**

4. **That commencing November 2019, if the Debtor fails to make any payment to the Chapter 13 Trustee within thirty (30) days after a payment falls due, Honda shall be entitled to stay relief upon filing a certification with the Court and serving it on the Debtor, his attorney, and the Chapter 13 Trustee.**

5. **That the Debtor must maintain insurance on the vehicle.  The vehicle must have full comprehensive and collision coverage with deductibles not exceeding $500.00 each.  American Honda Finance Corporation must be listed as loss payee.  If the Debtor fails to maintain valid insurance on the vehicle, Honda shall be entitled to stay relief upon filing a certification that insurance has lapsed and serving such certification on the Debtor, his attorney, and the Chapter 13 Trustee.**

6. **That Honda shall retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law or the Debtor receiving a discharge.**

7. **That the Debtor is to pay a counsel fee of $556.00 to American Honda Finance Corporation through his Chapter 13 plan as an administrative claim.**